**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 25-3239

_____

CHRISTOPHER F. MBEWE,
Appellant

v.

SUPERINTENDENT MAHANOY SCI; M. DUNKLE, Captain SCI Mahanoy; K.
WALL, Lieutenant SCI Mahanoy; CORRECTIONAL OFFICER CRAWFORD, SCI
Mahanoy; A. CHAPMAN, Correctional Officer SCI Mahanoy; M.J. WALL, Correctional
Officer SCI Mahanoy; JOHN/JANE DOE, Mailroom Employee at SCI Mahanoy,
in their official and individual capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:24-cv-01508)
District Judge: Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2026
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: August 5, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Christopher F. Mbewe, proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his complaint. Because this appeal does not present a substantial question, we will summarily affirm.

Mbewe filed this action under 42 U.S.C. § 1983 in the Middle District of Pennsylvania, based on allegations that the staff of SCI Mahanoy mishandled mail sent to him by the Pennsylvania Innocence Project ("PAIP") and received by the prison on May 22, 2019. He argued that this violated his free speech rights under the First Amendment, his right to access the courts under the First and Fourteenth Amendments, and his procedural due process rights under the Fourteenth Amendment. The District Court dismissed the first two claims with prejudice during screening for failure to state a claim. It dismissed these claims as factually insufficient and dismissed the second claim as barred by claim preclusion. The Court also dismissed Mbewe's third claim without prejudice and allowed him to file an amended complaint as to that claim alone.

Mbewe filed an amended complaint, and the defendants moved to dismiss the remaining due process claim. The District Court granted the motion, concluding that the claim was also barred by claim preclusion. Mbewe sought reconsideration, which the District Court denied, and he then appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a dismissal order. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may

---

[1] Mbewe has several motions pending before this Court, including a motion for summary action, a motion to stay, and a motion to have retaliatory prison actions placed on the record.

summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Mbewe's free speech claim for failure to state a claim. We have long "decline[d] to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship." *Bieregu v. Reno,* 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996).

The District Court also properly found that Mbewe's access to courts and due process claims were barred by claim preclusion.[2] The claim preclusion was based on Mbewe's 2021 suit, which alleged that the staff of SCI Mahanoy mishandled mail sent to him by PAIP and received by the prison on May 23, 2019. *Mbewe v. Delbalso*, No. 4:21-CV-00654, 2023 WL 3513675 (M.D. Pa. May 17, 2023), *aff'd* No. 23-2054, 2024 WL 510500, at *1 (3d Cir. Feb. 9, 2024) (per curiam). In that suit he asserted, under 42 U.S.C. § 1983, that the defendants violated his First and Fourteenth Amendment rights by opening and confiscating his legal mail; the District Court dismissed that complaint with prejudice for failure to state a claim, and we affirmed.

Claim preclusion requires: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Claim

---

[2] The same is true as to Mbewe's initial free-speech claim.

preclusion "bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

All three of claim preclusion's requirements are present here. Mbewe's prior suit was dismissed with prejudice for failure to state a claim, which was a final judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Mbewe admits in his motion for summary action that the parties were the same.

Regarding the third element, Mbewe argues that the two suits are based on different causes of action because they feature two different dates, he was informed immediately upon one rejection but not the other, and the mail in each instance came from a different office of PAIP.[3] But the relevant consideration is whether the events in question are "fundamentally similar" and whether they both require reliance on the same material facts demonstrated by the same witnesses and documents. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) (finding that multiple discrete events arose from the same cause of action when they were "indisputably connected"); *see also Lubrizol Corp.*, 929 F.2d at 963. The two days of misplaced mail in Mbewe's cases were fundamentally similar, connected, and would require the same witnesses and documents (as evidenced, for example, by the fact that Mbewe included documents featuring both dates in his first lawsuit). The District Court therefore did not err in concluding that claim preclusion barred these claims.

---

[3] Mbewe was aware of the mailroom's rejection of both days of mail at the time of his former suit. *See* C.A. Doc. 13 at 5 n.1.

Accordingly, we will summarily affirm the District Court's judgment. All pending motions are denied.